*Given*
*Dismiss*
*of Docs*

GRAHAM & MARTIN LLP
ANTHONY G. GRAHAM (BAR NO. 148682)
MICHAEL J. MARTIN (BAR NO. 171757)
950 SOUTH COAST DRIVE, SUITE 220
COSTA MESA, CA 92626
TELEPHONE: (714) 850-9390
FACSIMILE:   (714) 850-9392

Attorneys for Plaintiff,
THE UNITED STATES OF AMERICA;
Ex rel Environmental World Watch, Inc.

FILED 2008 JUL 18 PM 2:30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

THE UNITED STATES OF AMERICA; ex rel Environmental World Watch, Inc.

Plaintiffs,

vs.

THE WALT DISNEY COMPANY, aka WALT DISNEY PRODUCTIONS;; DISNEY ENTERPRISES, INC.; DISNEY WORLDWIDE SERVICES, INC.; DISNEY CORE SERVICES, a division of DISNEY WORLDWIDE SERVICES, INC. and DOES 1 through 100, Inclusive,

DEFENDANTS.

CASE NO. CV08-04733 GPS VBK

COMPLAINT FOR DAMAGES:

1. VIOLATION OF THE CLEAN WATER ACT-CITZEN SUIT;

2. VIOLATION OF THE CLEAN AIR ACT-CITIZEN SUIT;

3. VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE §44381;

4. VIOLATION OF THE FALSE CLAIMS ACT - QUI TAM.;

5. VIOLATION OF CERCLA §104 FALSE INFORMATION CITIZEN SUIT.

DEMAND FOR JURY TRIAL

-1-

Plaintiffs, for their Complaint against the DEFENDANTS allege as follows:

## FACTS RELEVANT TO ALL CAUSES OF ACTION

1. This is an action brought by Environmental World Watch, Inc [hereinafter "EWW"] on behalf of The People of The United States to recover damages and civil penalties under the False Claims Act ("FCA"), and to recover all available damages for failure to pay penalties to the government for violations of the CLEAN WATER ACT ["CWA"], and CLEAN AIR ACT ["CAA"], And The Comprehensive Environmental Response, Compensation, and Liability Act. ["CERCLA"] statute requirements against DEFENDANTS THE WALT DISNEY COMPANY, also known as WDISNEY PRODUCTIONS, DISNEY ENTERPRISES, INC., DISNEY WORLDWIDE SERVICES, INC., and DISNEY CORE SERVICES, a division of DISNEY WORLDWIDE SERVICES, INC. [hereinafter referred to collectively as "DEFENDANT DISNEY"].

2. These claims are premised by the illegal and negligent conduct of DEFENDANT DISNEY in their decades long policy of ignoring environmental law through and by dumping polluted waste water into the public streets where it might pass into or onto land and pass into or onto waters of The United States of America at the property they own and operate at 500 South Buena Vista Street, Burbank, California ["the DISNEY Facility"]. These unlawful discharges without permits, warnings and then the subsequent false reporting or failure to report these acts constitute numerous and extensive violations of law.

3. DEFENDANT DISNEY have engaged in false reporting under the CAA State Implementation Plan [SIP] for CALIFORNIA, including but not limited to, Assembly Bill 1807 (1983) ["AB 1807"], Health and Safety Code section 39650 et seq., which sets forth a procedure for the identification and control of air toxics defined as Toxic Air Contaminants ["TAC"] in California. The Air Toxics "Hot Spots" Information and Assessment Act (AB 2588) (1987) was enacted to supplement AB 1807 and

COMPLAINT FOR CITIZEN SUIT PENALTIES

to require facilities to report the types and quantities of certain substances their facilities routinely release into the air. Chromium VI [Cr VI], Trichloroethylene [TCE, Tetrachloroethylene [PCE] are TAC's, as defined in Health and Safety Code § 39655 and regulated under these statutes.

4. DEFENDANT DISNEY was required to report releases of Cr VI, TCE, PCE in any quantity as released in any given year and pay fees for these releases based voluntarily on the quantity reported. The DISNEY Facility failed to report these Cr VI releases and the correct TCE and PCE releases and pay these fees and or "obligation" and then created a false record by filing required reports to the South Coast Air Quality Management District ["SCAQMD"] under the authority granted it by the ENVIRONMENTAL PROTECTION AGENCY ["EPA"] State Implementation Plan ["SIP"]. Defendant facility further created a false record by nonexistent Emergency Planning and Community Right to Know [EPCRA] notifications.

5. Maintaining and continuing to report falsely to government while owing an obligation is an egregious violation of the reverse false claims prohibition at FCA § 3729 (a) (7) and CA Government Code § 12650, and actionable here for such violation [s].

6. The false reporting of TAC emissions Cr VI, TCE and PCE to SCAQMD are separate and "ongoing violations" of law defined by the California Health and Safety Code requirements at § 44381.

7. DEFENDANT DISNEY has violated the FCA and continues to maintain false records. The false records stall government enforcement of various notification requirements and health risk assessments to protect the People thus requiring injunctive relief.

8. EWW brings this civil action simultaneously pursuant to Section 113(b)(1) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413 (b)(1), for injunctive relief and the assessment of civil penalties.

9. This action is brought also under the citizen suit provision of the Federal Water Pollution Control Act (commonly known as the Clean Water Act and hereinafter referred to as the "CWA"), 33

U.S.C. § 1365. DEFENDANT DISNEY has discharged and continues to discharge pollutants to the waters of the United States without a permit, in violation of § 301 (a) of the Act, 33 U.S.C. § 1311 (a). DISNEY does not have, and has not applied for a National Pollution Discharge Elimination System ("NPDES") permit issued pursuant to the Federal Water Pollution Control Act allowing it to discharge contaminants to the waters of the United States. The California Clean Water Act at Section 13263.3(c) defines a discharger as any entity required to obtain National Pollutant Discharge Elimination System ("NPDES") permit or any entity subject to the federal pretreatment program. DEFENDANT DISNEY was required to file waste discharge reports pursuant to California Water Code section 13260 and has failed to do so. Failure to obtain this permit, report discharges and pay fees is a further "obligation" not paid to government, covered up by false records and actionable under the FCA.

10. DEFENDANT DISNEY was required to supply EPA factual information in response to its March 14, 1991 and April 2, 2007 letters to DISNEY. Plaintiff seeks penalties for DISNEY providing false or untruthful responses in violation of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) section 104 (e) (5) under the authority of the citizen suits provisions of 42 U.S.C. §9659, *et seq.*

11. EWW seeks a declaratory judgment, injunctive relief, damages, the imposition of civil penalties and the award of costs, including attorney and expert witness fees for each separate cause of action asserted herein under the Private Attorney General authority.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331. The relief requested is authorized pursuant to 33 U.S.C. §§ 1319 and 1365(a) and 28 U.S.C. §§ 2201 and 2202.

13. On Jan 10, 2007, Plaintiffs gave 60 day notice of similar violations specified in this complaint and of their intent to file suit to the California Attorney General [CAG], to the DEFENDANT, and to the DEFENDANT's agent, as required by the notice provisions of Health and Safety Code § 25249.7, et seq. The CAG declined to intervene in the enforcement action and Plaintiff subsequently filed suit in Los Angles Superior Court Case NO: NC039846 for those state violations that are not a part of this action.

14. More than twenty-eight years have passed since these violations have started and the violations complained of herein are continuing at this time or are likely to continue.

15. DEFENDANT remains in violation of the statues delineated above and continues to cause damages, requiring injunctive relief.

16. Venue is appropriate in the District of California pursuant to 28 U.S.C. §§ 516 and 519, and 42 U.S.C. § 7605 and Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within the District.

## PLAINTIFF

17. Plaintiff EWW is a corporation organized under the laws of the State of Delaware. EWW offices are located in Los Angeles, California and is a company dedicated to protecting the environment, promoting human health, and improving employee and consumer rights through civil enforcement of environmental protection laws. EWW is based in Los Angeles County and is registered as a Delaware corporation with the office of the California Secretary of State. EWW is acting in the public interest, pursuant to but not limited to, 33 U.S.C. §§ 1319 and 1365(a) and 28 U.S.C. §§ 2201 and 2202 and is knowledgeable about the allegations contained herein. EWW has practiced a policy and posture of environmental action for over thirteen years of alerting citizens via civil court enforcements on behalf of The People. EWW has been the citizen's voice of environmental justice from the outset and has noticed government and enforcement authorities on a wide range of violations delineated in the various environmental, health and safety statutes both federal and state.

COMPLAINT FOR CITIZEN SUIT PENALTIES

18. Plaintiff EWW has standing in this suit to protect its own interests as a person [s] and those of the People of the United States of America as persons, and other taxpayers, as persons and collective owners of public parks/recreation land [Polliwog Park].

19. Plaintiff EWW seeks to protect and restore the pristine land of dedicated parks and recreation areas that have been, are being, and will be adversely affected by DEFENDANT's un-permitted discharges of contaminated and polluted wastewater.

## DEFENDANT

20. DEFENDANT DISNEY was, and at all times herein mentioned, is registered with the California Secretary of State as a Delaware Corporation with headquarters located at 500 South Buena Vista Street, Burbank, California. DEFENDANT DISNEY was, and at all times herein mentioned is, the owner and operator of the Burbank Facility.

21. Plaintiff is informed and believe, and based upon information and belief allege, that DEFENDANT DOES 1 through 100, inclusive, (hereinafter all said DEFENDANT DOES will collectively be referred to as "DOE DEFENDANT DISNEY"), are corporations duly organized and existing under and by virtue of one of the states of the United States, and are authorized to do business and are doing business in California. DOE DEFENDANT DISNEY have done, and continue to do, business with DISNEY in connection with the use of the Burbank Facility in that each and every one of the DOE DEFENDANT DISNEY supplied, dumped, discharged and deposited and continues to supply, dump, discharge and deposit vast amounts of Cr VI, TCE and PCE cooling waste water, liquids, residues and other various toxic waste materials in / at / from the Burbank Facility [hereinafter "Facility"].

22. Plaintiff are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOE DEFENDANT DISNEY sued herein as DOES 1 through 100, inclusive, and therefore sues said DOE DEFENDANT DISNEY by such fictitious names. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named DOE DEFENDANT DISNEY when the same have been ascertained. Said DOE DEFENDANT DISNEY are sued as principals, and all of the acts performed by them as agents,

servants and employees were performed within the course and scope of their authority and employment.

23. Plaintiff are informed and believe, and based thereon allege that each of the DOE DEFENDANT DISNEY named herein is the agent, employee, employer, partners, manager, or controlling entity of DISNEY and in doing the things hereinafter alleged each were and/or are acting within the course and scope of such agency, employment, partnership, management or control with the full knowledge and consent of DISNEY, and that at all times all employees and agents of DOE DEFENDANT DISNEY acted with the advanced knowledge or under the direction or with the ratification of corporate officers who had the ability to bind the corporation.

24. Plaintiff are informed and believe that all DEFENDANT DISNEY and each of them are responsible negligently, intentionally and/or in some actionable manner, for the events and happenings referred to herein, and caused and/or continue to cause injuries and damages thereby to Plaintiffs, as alleged, either through each DEFENDANT DISNEY' own conduct or through the conduct of its agents, servants or employees, or due to the ownership, maintenance or control of the instrumentality causing the injury, or in some other actionable manner.

25. At the time of DEFENDANT DISNEY acts complained of herein, Burbank residents as "persons" of the United States of America resided at and/or owned and may or may not continue to reside at and/or own in fee simple the following described property: "Burbank Rancho properties adjacent to the Facility at 500 So. Buena Vista".

## BACKGROUND

26. Plaintiff EWW was hired by the Burbank Rancho Home Owners Association in January 2006 for the purpose of investigating and advising in the opposition to a proposed construction of a sewer project within the immediate proximity of their residences [Integrated Resources Plan, Draft Environmental Impact Report [EIR], SCH No. 2004071091, City of Los Angeles for the Department of Public Works, Bureau of Sanitation and Department of Water and Power]. The

-7-

COMPLAINT FOR CITIZEN SUIT PENALTIES

intended site of a significant portion of this sewer project was one 11-acre Park parcel in the City of Burbank owned by the City of Los Angeles, commonly referred to as the "Polliwog" Park.

27. Testing of the Polliwog Park by EWW in Jan 2006 to challenge and oppose the Draft EIR for said sewer project revealed the existence of significant quantities of Cr VI, a known and dangerous carcinogen. Cr VI is an Extremely Hazardous Substances [EHS] and dangerous carcinogen, which requires special reporting procedures in that the reportable quantity is as small as .005 lb per year with a reporting accuracy requirement of .0001 lb year.

28. DEFENDANT DISNEY operates and/or manages a film, movie and television production with other filming and broadcasting activities at the Buena Vista Facility, which utilizes water in its air-cooling and air conditioning systems.

29. DEFENDANT DISNEY has pumped from its own on-site well [s] contaminated and polluted water for its air-cooling and air conditioning needs since at least January 26, 1975, and probably sooner than May 16, 1961. This water is and was contaminated with Pollutants, including but not limited to Cr VI, TCE, and PCE.

30. DEFENDANT DISNEY was granted the authority to use groundwater as "air conditioning cooling water" as a result of the twenty plus year litigation in City of Los Angeles v The City of San Fernando, et al; LASC case NO 650079 Stipulated Judgment (1961) and Final Judgment (1979) with Attachment "F" thereto assigning those water use rights.

31. The EWW investigation has revealed that DEFENDANT DISNEY has, since at least January 26, 1979, on information and belief, utilized Cr VI, TCE, and PCE in air conditioning cooling waters at 500 South Buena Vista Street. The use of these toxic chemicals and their compounds and the subsequent discharge by DEFENDANT DISNEY via wastewater discharge pipes at the Keystone property line was done for each day since at least January 26, 1979. DEFENDANT DISNEY has admitted that it discharged water from the DISNEY Facility through the pipes since 1957 and has

asserted that it did not need any permit to do so. The discharged wastewater was released at this Facility property line at Keystone Ave and traveled down the centerline of Parkside Street low flow line toward Parish Place and across Riverside Drive into the Polliwog 11-acre park while the Cr VI, TCE and PCE evaporated into the ambient air. This evaporation caused the reportable releases and discharges of Cr VI, TCE and PCE to the government agency responsible for reporting as designated by the Clean Air Act.

32. The South Coast Air Quality Management District ["SCAQMD"] was designated by the state legislature as the agency to receive this toxic information for DEFENDANT DISNEY's Burbank Facility in conformance with the mandate of the CAA.

33. The Polliwog Park is located next to DISNEY'S Burbank Facility's property lines to the east and south. The park is the property of the government and its use as an equestrian facility is under the care custody and control of the City of Los Angeles.

34. DEFENDANT DISNEY entire Burbank Facility, Imagineering and Disney Production, is contained in the 100+ acres north and south of Riverside Dr and west of the aforementioned Keystone Ave property line on the far east boundary of the 500 So. Buena Vista property.

35. This 100-acre Facility required massive air conditioning and subsequent massive amounts of water. The principal discharge flow of this contaminated and polluted water referenced above came from said discharge pipes and at such a constant flow that neighbors for decades thought it was in compliance with applicable law, and another Disney "ride". However, DEFENDANT DISNEY unlawfully dumped wastewater at the curb and gutter of west Keystone Ave and into the Street without any permit and later without a NPDES permit as required by law. Nearby Burbank residents, their children, dogs, horses played and swam in this water for decades without any knowledge of the health consequences.

36. These wastewater discharges by DEFENDANT DISNEY caused the contamination of the Polliwog Park via liquids containing contaminants discharged at the DISNEY Facility up the street. These discharges of wastewater containing Cr VI, TCE and PCE pass into or onto land that may/will leach into waters of the United States and were discharged by DEFENDANT DISNEY without warning, reporting or permits.

37. These discharges of contaminated waters, where they may pass into any source of water or onto land (such as the Polliwog Park) where they may probably pass into any source of water is prohibited by the statutes complained of herein. However, PLAINTIFF do not allege the discharges continue today at the Facility, only that the contamination of the previous discharges, has caused the property at the Polliwog park to be so contaminated and to a tested depth at elevations of 45 feet from natural surface ground that this polluted ground also threatens sources of drinking water and is a continuing threat to the waters of the United States. Every passerby or recreational user of the Park, including horses, dogs and other pets, is also threatened and at risk by this contamination.

38. Due to their proximity to the Burbank Facility, it is foreseeable that innocent individuals and local residents to the Facility and Park would be exposed and potentially injured by the discharge of DEFENDANT DISNEY' wastewater and TAC air emissions as it trespassed away from the Facility as discharges that did and would contaminate ambient air, land and or sources of storm and drinking water surrounding the Facility.

39. The waste water discharged by DEFENDANT DISNEY contained, including but not limited to Cr VI, TCE, PCE which was in water DISNEY pumped from its wells number 3874E, 3874F, and 3874G at the Facility.

40. Cr VI, TCE and PCE are pollutants within the meaning of Section 301 of the Clean Water Act, 33 U.S.C. § 1301.

COMPLAINT FOR CITIZEN SUIT PENALTIES

41. DISNEY'S use of contaminated water in their air cooling and air conditioning system and the subsequent disposal of these contaminated waters, which upon information and belief include Cr VI, TCE and PCE constitute discharges from point sources into navigable waters of the United States within the meaning of Section 301 of the Act, 33 U.S.C. § 1311.

42. The alleged discharge of contaminated water caused an evaporation of these waters containing TCE, PCE, and Cr VI into the ambient air and these air toxics caused exposures to every person in the adjacent neighborhoods. These exposures could, and on information and belief, did cause "injury" and a violation of Health and Safety Code § 42402.1 *et seq*.

43. On or about March 14, 1991 and April 2, 2007 The Environmental Protection Agency [EPA] sent letters to DEFENDANT DISNEY requesting information regarding the contamination of the San Fernando Valley aquifer and the San Fernando Valley, North Hollywood, Glendale Superfund sites [the "Site"].

44. These formal requests by the EPA and the California Regional Quality Control Board [RWQCB] for information regarding TCE, PCE and in the 2007 letter "chromium" discharges or contamination of the Site were sent under the authority of section 104(e) of CERCLA, 42 U.S.C. §9604 (e).

45. DISNEY, on information and belief, responded to these EPA requests for information by conveying false, untruthful and misleading information in violation of subsection (5) of the code.

### FIRST CAUSE OF ACTION
**(Violation of Federal Water Pollution Control Act for Discharges Without NPDES Permit)**

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Section 301 (a) of the Federal Water Pollution Control Act, 33 U.S.C. § 1311 (a), prohibits the discharge of pollutants from a point source into navigable waters of the United States, unless in compliance with various enumerated sections of the Act. Section 301 (a) prohibits, inter alia, such

discharges unless pursuant to the terms of a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

48. Further, DISNEY did not have a NPDES permit to discharge Pollutants and therefore is in violation of Section 301 (a), 33 U.S.C. § 1311.

## SECOND CAUSE OF ACTION

### (Discharge of Pollutants Not Authorized by a NPDES Permit)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. The Clean Water Act authorizes states to enact laws stricter than the federal enabling legislation. 33 U.S.C. § 1370. Enactment and approval of the California scheme takes the place of the federal scheme. 33 U.S.C. § 1342(b). Cr VI, TCE and PCE as contaminants or chemicals discharged by DISNEY, constitute Pollutants pursuant to Water Code section 13350.

51. DEFENDANT DISNEY discharges of Pollutants have violated and continue to violate Section 301 (a) of the Act, 33 U.S.C. § 1311 *et seq.* and Water Code section 13350.

## THIRD CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE SECTIONS 44381 and CLEAN AIR ACT at 42 USC 7413 FOR FALSIFICATION OF EMISSIONS REPORTS SUBJECT TO REPORTING REQUIREMENTS)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. DEFENDANT DISNEY Burbank property is a regulated Facility in the California Toxic reporting program and had permits to operate the Burbank Facility in compliance with its reporting requirements.

54. DEFENDANT DISNEY was required to submit to SCAQMD an emission inventory pursuant to Health and Safety code § 44342 by August 1, 1989.

55. DEFENDANT DISNEY failed to comply with the mandate and the goals of the statute in that the Legislature's intent was clear and specific. Health and Safety Code § 44301 states:

"The Legislature finds and declares all of the following;

(d) These releases may create localized concentrations or Toxic Air "hot spots" where emissions from specific sources may expose individuals and population groups to elevated risks of adverse health effects, including, but not limited to cancer, and contribute to the cumulative health risks of emissions from other sources in the area.

In some cases where large populations may not be significantly affected by adverse health risks, individuals may be exposed to significant risks. The Health and Safety Code goes on to say in pertinent part:

"(h) It is in the public interest to ascertain and measure the amounts and types of hazardous releases and potentially hazardous releases from specific sources that may be exposing people to those releases, and to assess the health risks to those who are exposed."

56. DEFENDANT DISNEY was issued Facility permit and identification number 2852 by the California Air Resources Board ["CARB"] of the California Environmental Protection Agency ["CAL/EPA"].

57. Plaintiff EWW on June 3, 2007 reviewed the DISNEY Facility reports for all preceding years on file, which revealed an absence of any report of any Cr VI release. It further appears the releases of PCE and TCE are substantially under reported.

58. Failure to correct these emission reports constitutes a violation of Health and Safety code § 44381 for each and every day these reports remain inaccurate or misleading with respect to toxics or other releases.

59. The Health and Safety Code further provided that these releases be reported to the State and if there was an inaccuracy in that reporting that Section 44381 provides:

(b) "Any person who knowingly submits a false statement or representation in any application, report, statement, or other document filled, maintained or used for the purposes of compliance with

-13-

COMPLAINT FOR CITIZEN SUIT PENALTIES

this part is subject to a civil penalty... per day for each day that the information remains uncorrected"

60. DEFENDANTS have failed to correct these emission reports and this subsequent failure has deprived the government of the penalties delineated by statute for this failure. This alleged conduct is an ongoing violation of the Federal CAA § 7413, *et seq* and DEFENDANT DISNEY has not shown any effort to remedy or correct as required by law.

## FOURTH CAUSE OF ACTION

**(Violation of the False Claims Act [Title 31 USC 3729] by maintaining false records while owing an obligation to the Government)**

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

62. DEFENDANT DISNEY has violated the False Claims Act and continues to owe fees to the government for releases and discharges defined herein [CAA and CWA]. These fees are "obligations" to the government that remain unpaid. There is a further obligation to obtain NPDES permits under CWA requiring fees and those fees have never been paid. That obligation, among the other obligations delineated above to the government, remains outstanding today. This is an "ongoing violation" of the False Claims Act.

63. DEFENDANT DISNEY has violated the False Claims Act and continues to maintain false records and continuing failures to pay its obligations to the government necessitating immediate remedy in the Court to effectuate environmental justice on behalf of the People.

## FIFTH CAUSE OF ACTION

**(False reporting to EPA in violation of section 104 (e) (5) of CERCLA, 42 USC §9604(e)(5) Citizen Suit Authority at § 9659)**

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as if fully set forth herein.

65. DEFENDANT DISNEY was sent demand for information letters by EPA dated March 14, 1991 and April 2, 2007. DISNEY responded by asking for a confidentiality protection from EPA and

then, on information and belief, supplied EPA with false, untruthful and misleading information regarding the Facility [s].

66. These responses in a false, deceitful or untruthful manner were civil violations of law while also violating the criminal provisions of the statute at 18 U.S.C. §1001.

**PRAYER**

RELIEF WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Issue a declaratory judgment that DEFENDANT DISNEY, has violated and continues to be in violation of Section 301 of the Federal Water Pollution Control Act, 33 U.S.C. § 1311.

B. Enjoin DEFENDANT from further violation of the Clean Water Act. In particular, Plaintiffs seek an order enjoining DEFENDANT from discharging pollutants without a NPDES permit.. Issue a remedial injunction ordering DEFENDANT to pay the cost of any environmental restoration or remediation deemed necessary and proper by the Court to ameliorate the water degradation or public property damage caused by DEFENDANT 's violations;

C. Issue a remedial injunction ordering DEFENDANT to pay the cost of any environmental restoration or remediation deemed necessary and proper by the Court to ameliorate the water and pollution damage caused at the Polliwog Park by DEFENDANT 's violations;

D. Order DEFENDANT to pay civil penalties of $15,000 and $25,000 per day of violation for violations, or each violation pursuant to Sections 309(d) and 505(a) of the Clean Water Act, 33 U.S.C. §§ 1319(d) and 1365(a).

E. Award penalties for violation of Health and Safety Code section 44381 in the amount of $1,000 up to $25,000 per day and every day is a separate violation until such time as the false record is corrected; or in the alternative award penalties for violation of the Clean Air Act § 7413, *et seq* of $25,000 per day.

F.    Award Plaintiffs their costs, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d); Award Plaintiff attorney fees, costs and damages for violation of The False Claims Act in accordance with proof at trial;

G.    Award penalties for false reporting in violation of CERCLA 104 (e) (5) in the amount of $32,500 per day: and

H.    Award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

I.    Plaintiff seeks statutory penalties and potential damages in excess of $500 million Dollars for the unlawful conduct alleged herein, requiring a Jury Trial to establish the truth of these allegations.

Dated this: <u>16th day of July 2008.</u>

_[signature]_

Anthony G. Graham, ESQ
Michael J. Martin, ESQ
GRAHAM & MARTIN LLP
Attorneys for The United States
of America, *ex rel*
*Environmental World Watch, Inc.*

COMPLAINT FOR CITIZEN SUIT PENALTIES